ROTHENBERG, J.
Ronel Oscar was arrested on September 20, 1996, and charged with carrying a concealed firearm, possession of a firearm by *886 a convicted felon, and grand theft. Oscar was subsequently tried, convicted, and sentenced on the possession of a firearm by a convicted felon charge, and entered either a plea of guilty or no contest to the two remaining charges. His convictions on all three charges were affirmed on appeal by this Court on July 29, 1998. Oscar v. State, 719 So.2d 909 (Fla. 3d DCA 1998). Since 1998, Oscar has filed at least five postconviction motions and appeals. The instant motion filed under Florida Rule of Criminal Procedure 3.850 is his sixth post-conviction motion, and his seventh appearance before this Court in this case.
The order under review is the trial court’s order denying Oscar’s rule 3.850 motion for postconviction relief. Normally such a motion would be time-barred because it is well past the two year cut-off for filing a rule 3.850 motion, and procedurally barred because it is successive. However, in the instant case, because Oscar’s motion is based on a claim of newly discovered evidence, these limitations do not apply if Oscar demonstrates that the “newly discovered evidence” could not have been ascertained through the exercise of due diligence and is of such a nature that it would probably produce an acquittal at trial. Scott v. Dugger, 604 So.2d 465 (Fla.1992); Jones v. State, 591 So.2d 911 (Fla.1991).
In support of his motion, Oscar filed an affidavit signed by Luckner Joseph on January 19, 2010. Joseph was convicted of first degree murder in 1998, and is serving a life sentence. Joseph avers that he met Oscar in prison on May 4, 2009, but that on September 20, 1996, he was at the hotel where Oscar was arrested, and as Joseph was coming down the stairs to go to the parking lot, he witnessed Oscar’s arrest. He states that he saw the officers remove items from Oscar’s pocket and place them on the hood of the patrol car but did not see the officers retrieve a gun from Oscar’s person.
The trial court denied Oscar’s motion without conducting an evidentiary hearing. Oscar and the dissent claim this was error. Although we agree that Oscar has satisfied his initial burden by presenting sufficient evidence that Joseph, and the fact that he may have witnessed Oscar’s arrest, was unknown to Oscar or his attorney until May of 2009, we also agree with the trial court’s finding that Joseph’s testimony would not probably produce an acquittal on re-trial.
This determination is not based on Joseph’s dubious credibility. Rather, we affirm the trial court’s order because, even if Joseph did happen to be at the hotel parking lot when Oscar was arrested and he did not see the officers find and remove a gun from Oscar’s person, that does not mean that Oscar was not armed with a firearm or that the firearm was not seized by law enforcement. We therefore affirm the order under review.
RAMIREZ, C.J., concurs.